Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8304 | **DATE** | 11/27/2012 |
| **CASE TITLE** | United States ex rel. Antoine Rice (#R-73220) vs. State of Illinois | | |

**DOCKET ENTRY TEXT:**

On the Court's own motion, Warden Michael P. Atchison is substituted as Respondent. The Clerk is directed to terminate the State of Illinois as a party. Respondent is ordered to answer the petition or otherwise plead by January 4, 2013.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Antoine Rice, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first degree murder and discharge of a firearm resulting in death on the grounds that: (1) prospective jurors were not adequately questioned and screened; (2) the prosecutor made improper remarks; (3) the trial court abused its discretion in sentencing Petitioner to 65 years' imprisonment, a term that inappropriately included a 25-year "double enhancement;" and (4) trial counsel provided ineffective representation in multiple respects. Petitioner has paid the statutory filing fee, as directed. *See* Minute Order of October 17, 2012.

On the Court's own motion, the Warden of the Menard Correctional Center is substituted as Respondent in the place of the State of Illinois. The proper Respondent in a Section 2254 habeas action is the warden of the prison where Petitioner is confined. *See, e.g., Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); *see also* Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254.

Petitioner maintains that he has either exhausted or attempted to exhaust state court remedies with respect to each of the claims raised in his federal habeas petition; furthermore, he appears to have initiated this action in **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

a timely manner.  Accordingly, the Respondent is ordered to answer the petition or otherwise plead by January 4, 2013.  This preliminary order to respond does not, of course, preclude the State from making whatever arguments it may wish to present concerning exhaustion, timeliness, waiver, or procedural default.

     Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed.  In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601.  Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.