IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ex rel.,<br>ANTOINE RICE, (R#73220),<br><br>        Petitioner,<br><br>        v.<br><br>MICHAEL P. ATCHISON,[1] Warden,<br>Menard Correctional Center,<br><br>        Respondent. | Case No. 12 C 8304 |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Judge:

      Pro se Petitioner Antoine Rice filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Before the Court is Respondent's motion to dismiss Rice's habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion to dismiss and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). The Court dismisses this action in its entirety.

**PROCEDURAL BACKGROUND**

      Following a 2008 jury trial in the Circuit Court of Cook County, Illinois, a jury convicted Rice of first degree murder and for discharging a firearm proximately causing the death of the victim. The Circuit Court sentenced Rice to forty years of imprisonment for the murder conviction with a twenty-five year consecutive term for the firearm enhancement. Rice appealed

---

[1] Rick Harrington is the acting warden of Menard Correctional Center where Petitioner is incarcerated. The Court thus substitutes Harrington for Michael P. Atchison as the named Respondent in this lawsuit. *See Rumsfeld v. Padilla,* 542 U.S. 426, 436, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); Fed. R. Civ. P. 25(d).

and the Illinois Appellate Court affirmed his conviction and sentence on July 27, 2010. Thereafter, Rice filed a Petition for Leave to Appeal ("PLA") that the Supreme Court of Illinois denied on November 24, 2010. The United States Supreme Court denied his petition for a writ of certiorari on April 18, 2011.

On October 11, 2011,[2] Rice filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, in the Circuit Court of Cook County. On February 8, 2012, the Circuit Court dismissed the post-conviction petition. Rice filed his notice of appeal on March 22, 2012, but the notice of appeal was untimely because it was filed beyond the thirty-day deadline, March 9, 2012. On June 5, 2012, the Illinois Appellate Court denied Rice's motion for leave to file a late notice of appeal.

Rice signed the present habeas petition on October 11, 2012 and the envelope was postmarked October 12, 2012. The district court docketed Rice's habeas petition on October 16, 2012. Construing Rice's pro se habeas petition liberally, *see Gomez v. Randle,* 680 F.3d 859, 864-65 (7th Cir. 2012), he brings the following claims:

1. The Circuit Court denied him the right to a fair and impartial jury in violation of the Sixth and Fourteenth Amendments when the court failed to ask prospective jurors whether they understood and accepted the principles pursuant to *People v. Zehr,* 103 Ill.2d 472, 477, 83 Ill.Dec. 128, 469 N.E.2d 1062 (1984), as required by Illinois Supreme Court Rule 431(b);

2. He was denied a fair trial when the prosecutor: (a) commented on his failure to testify, (b) personally vouched for the veracity of State's witnesses, and (c) shifted the burden of proof by inaccurately describing the theory of defense;

---

[2] Rice signed and dated his post-conviction petition on October 11, 2011, although his post-conviction petition was file stamped November 16, 2011. The Court uses the earlier date, October 11, 2011, for purposes of determining whether Rice's habeas petition is timely.

2

3. His sixty-five year sentence was an abuse of the Circuit Court's discretion because it was based on the court's personal abhorrence for crimes involving firearms, a factor inherent in the offense;

4. Trial counsel was ineffective for failing to move to quash his arrest and suppress evidence;

5. Trial counsel failed to object to inadmissible hearsay testimony at trial;

6. The twenty-five year firearm enhancement was an unconstitutional double enhancement; and

7. Appellate counsel was constitutionally ineffective for failing to raise the firearm enhancement argument on direct appeal.

## LEGAL STANDARD

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, ___ U.S. ___, 131 S.Ct. 1278, 1283, 179 L.Ed. 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Ray v. Clements,* 700 F.3d 993, 1003 (7th Cir. 2012). "This period runs 'from the latest of' four specified dates, including":

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Wall,* 131 S.Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(1)(A)-(D)); *Martin v. Bartow,* 628 F.3d 871, 873 (7th Cir. 2010) ("The statute states that the limitations period begins to run from the

3

latest of four enumerated events.").

## ANALYSIS

**I.      Timeliness Analysis**

As a starting point, the Court turns to the date upon which Rice's judgment became final under 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez v. Thaler*, ___ U.S. ___ 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012) (conviction becomes final upon expiration of time for seeking direct review). Rice's conviction became final on April 18, 2011, which was the date the United States Supreme Court denied his petition for a writ of certiorari. *See id.* at 645-46; *Rhines v. Weber,* 544 U.S. 269, 272, 125 S.Ct. 1528, 161 L.Ed.440 (2005).

The limitations period is tolled during the pendency of a properly filed application for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2); *Ray,* 700 F.3d at 1003. Rice, however, did not file his post-conviction until October 11, 2011, which was 176 days after his judgment became final on April 18, 2011. The Circuit Court then dismissed Rice's post-conviction petition on February 8, 2012. Rice's March 22, 2012 notice of appeal was untimely because it was filed beyond the thirty-day deadline, March 9, 2012. *See* Ill.Sup.Ct.R. 606(b); *State v. Bailey,* 367 Ill.Dec. 401, 981 N.E.2d 1129, 1132 (2d Dist. 2012). The Seventh Circuit has left open the question of whether the statute of limitations is tolled during the time period when a habeas petitioner can, but does not perfect his appeal. *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008); *Fernandez v. Sternes,* 227 F.3d 977, 980 (7th Cir. 2000). Under an abundance of caution, the Court resumes its timeliness determination starting on March 10, 2012, the day after the 30-day appellate period expired. *See* Fed.R.Civ.P. 6(a)(1)(A). Rice's motion for leave to file a late notice of appeal did not toll the statute of limitations period. *See Fernandez*, 227

4

F.3d at 980 (state court filing rejected due to a procedural irregularity not "properly filed" for purposes of limitations period). Meanwhile, Rice signed and dated his habeas petition on October 11, 2012 — 215 days after March 10, 2012. Adding these 215 days to the 176 days when the limitations period was not tolled from April 18, 2011 until October 11, 2011, Rice's habeas petition is untimely by 26 days.

## II.     Tolling Provisions

Rice does not argue that statutory tolling applies under the circumstances, such as a state created impediment under 28 U.S.C. § 2244(d)(1)(B). The Court thus turns to Rice's equitable tolling arguments to determine whether his habeas petition is timely.

Although the one-year limitations period is subject to equitable tolling, federal courts will only allow equitable tolling if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his habeas petition. *See Holland v. Florida,* ___ U.S. ___, 130 S.Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010). A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Lee v. Cook County, Ill.*, 635 F.3d 969, 972-73 (7th Cir. 2011).

Here, Rice maintains that the limitations period should be tolled because he is not legally trained, is incarcerated, and lacks knowledge of the justice system. It is well-established law, however, that a petitioner's pro se status or lack of legal training does not entitle him to equitable tolling. *See Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) ("lack of legal expertise is not a basis for invoking equitable tolling"); *Williams*, 538 F.3d at 685 (pro se status does not toll

5

limitations period). Rice also contends that he had little to no legal help, which again, does not toll the limitations period. *See Jones v. Hulick,* 449 F.3d 784, 789 (7th Cir. 2006).

Indeed, nothing in the record indicates that extraordinary circumstances prevented Rice from complying with the one-year limitations period. *See Holland,* 130 S.Ct. at 2560. Because Rice has not established that statutory or equitable tolling apply under the circumstances, his habeas petition is untimely.

## III.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Rice a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order. *See Gonzalez,* 132 S.Ct. at 649 n.5.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Lavin v. Rednour,* 641 F.3d 830, 832 (7th Cir. 2011). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El,* 537 U.S. at 336; *Resendez v. Knight,* 653 F.3d 445, 446 (7th Cir. 2011). Under this standard, Rice must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where

a district court denies a habeas claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As the Seventh Circuit has repeatedly held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases); *see also West v. Schneiter,* 485 F.3d 393, 395 (7th Cir. 2007) ("questions of statutory interpretation, such as whether the petition was timely, do not qualify for a certificate, because they do not concern the Constitution"). As such, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss Rice's habeas petition as untimely and dismisses this action in its entirety. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** March 7, 2012

        **ENTERED**

        _____
        **AMY J. ST. EVE**
        **United States District Court Judge**